**Affirm and Opinion Filed August 2, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00349-CR**

**EX PARTE IKE BRIGHT**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX12-90038-S**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Ike Bright appeals from the trial court's order denying him the relief sought by his application for writ of habeas corpus. In his issue on appeal, appellant challenges the trial court's determination that he did not receive ineffective assistance of counsel. We affirm the trial court's order.

### Background

On November 5, 1986, appellant pleaded guilty to attempted murder in trial court cause no. F86-81384-S. The trial court deferred adjudication of guilt and placed appellant on five years' community supervision. Appellant did not appeal. Appellant completed his term of supervision and was released from probation on November 5, 1991.

On June 29, 2012 and July 16, 2012, appellant filed applications for writ of habeas corpus seeking to set aside appellant's guilty plea on the grounds that it was involuntary. A third pro se application for writ of habeas corpus was filed on September 24, 2012. Appellant, relying on

*Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), argued that trial counsel rendered ineffective assistance of counsel in that he did not advise appellant of the deportation consequences of his plea. Appellant asserted the Department of Homeland Security initiated removal proceedings by a notice to appear dated March 21, 2007. Appellant further asserted that the removal proceeding stemmed from the "no contest" plea to the attempted murder charge. Appellant contends that had he known the plea agreement would lead to "automatic deportation," he would not have pleaded guilty to the offense.

Appellant's trial counsel responded by affidavit that he had no independent recollection of appellant's case nor did he retain appellant's case file. He further stated that it was his "practice to advise criminal defendants that a criminal disposition subjects them to possible deportation by the United States of America." The trial court denied appellant the relief sought by his application for writ of habeas corpus.

### Denial of Habeas Corpus Relief

In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial judge's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *Id.* In conducting our review, we afford almost total deference to the judge's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id.* We afford the same amount of deference to the trial judge's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Id.*

In *Padilla v. Kentucky*, the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires defense attorneys to inform non-citizen clients of the deportation risks of guilty pleas. *Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013); *Padilla*, 130 S. Ct. at 1481. However, in *Chaidez*, the Court held that *Padilla* did not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Chaidez*, 133 S. Ct. at 1113. The Texas Court of Criminal Appeals adhered to the retroactivity analysis in *Chaidez* as a matter of state habeas corpus law, and held that *Padilla* does not apply retroactively to defendants whose convictions became final prior to *Padilla*. *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013).

In his sole issue, appellant asserts the trial court made findings of fact that were not supported by the record and applied the wrong standard in its conclusions of law. Appellant asserts that he demonstrated he received ineffective assistance of counsel and that but for counsel's deficiencies, appellant would not have pleaded guilty but would have insisted on going to trial. Appellant further asserts that even if *Padilla* is not retroactive, trial counsel still had a duty to provide effective assistance, which in this case meant advising him of the deportation consequences of his plea. The State responds that the trial court properly denied appellant relief because appellant did not demonstrate he received ineffective assistance of counsel.[1]

Appellant received deferred adjudication community supervision on November 5, 1986. He did not appeal the deferred adjudication order, so he was not eligible to file a petition for writ of certiorari. *See Ex parte De Los Reyes*, 392 S.W.3d at 676 (citing SUP. CT. R. 13 (allowing for petition for writ of certiorari if defendant is appealing refusal of state court of last resort to hear

___

[1] The State first responds that we must dismiss the appeal because the record does not contain the trial court's certification of appellant's right to appeal. Texas Rule of Appellate Procedure 25.2(a)(2) requires the trial court to enter a certification of the defendant's right to appeal each time it renders a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). Therefore, we both sent the trial court judge letters and ordered the trial court to prepare a certification of appellant's right to appeal. We have received a supplemental clerk's record containing a certification, signed by the trial court judge, stating the case does not involve a plea bargain and appellant has the right to appeal. We conclude this substantially complies with rule 25.2(a)(2), and that we have jurisdiction over the appeal.

his case or is affirming conviction)).  Therefore, his conviction[2] became final on December 23, 1986, the day after the last day appellant could have filed his notice of appeal.[3]  *See* TEX. R. APP. P. 26.2, 26.3 (appeals in criminal cases); *Ex parte De Los Reyes*, 392 S.W.3d at 676.  Although appellant seeks to avoid the applicability of *Chaidez* and *Ex parte De Los Reyes*, the substance of his complaint is that he received ineffective assistance of counsel because he was not informed by counsel of the deportation consequences of his plea, and he relies on *Padilla* as the source of counsel's duty.  Because appellant's 1986 conviction was final before *Padilla* issued in 2010, appellant may not benefit from *Padilla*'s holding.  *See Chaidez*, 133 S. Ct. at 1113; *Ex parte De Los Reyes*, 392 S.W.3d at 679.  Accordingly, we conclude the trial court did not abuse its discretion in finding appellant did not receive ineffective assistance of counsel.  We overrule appellant's sole issue.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do No Publish
TEX. R. APP. P. 47
130349F.U05

---

[2] The deferred adjudication order in this case is considered a conviction. *See* 8 U.S.C.A. § 1101(a)(48)(A) (West 2005).

[3] Appellant's notice of appeal was due by Monday, December 7, 1986.  *See* TEX. R. APP. P. 4.1(a), 26.2(a).  To obtain the fifteen-day extension of time, appellant's notice of appeal and an extension motion had to be filed by December 22, 1986.  *See* TEX. R. APP. P. 26.3.  (In 1986, the rules were numbered differently, but the substance was the same.  Therefore, we cite to the current version of the rules.)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE IKE BRIGHT

No. 05-13-00349-CR

On Appeal from the 282nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. WX12-90038-S.
Opinion delivered by Justice Lang, Justices
Myers and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

Judgment entered this 2nd day of August, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

–5–